**Gerald L. RAINES, Plaintiff–Appellant,**

v.

**Stacy L. LOMAX, et al., Defendants–Appellees.**

No. 02–4073.

United States Court of Appeals, Sixth Circuit.

May 5, 2003.

Before CLAY and GIBBONS, Circuit Judges; and DUGGAN, District Judge.*

### ORDER

Gerald L. Raines, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Raines sued multiple prison officials alleging that they violated his Eighth and Fourteenth Amendment rights. The complaint was based on Raines's allegation of racial tension and possible race riots in a prison dormitory. However, an investigation found no evi-

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

dence to substantiate Raines's allegations. Raines also alleged that the conditions at the prison were inhuman. The district court granted summary judgment to the defendants. Raines raises several arguments in his timely appeal.

The district court's judgment is reviewed de novo. *See Summar ex rel. Summar v. Bennett,* 157 F.3d 1054, 1057 (6th Cir.1998).

Raines argues that the district court should have appointed him an attorney. However, the appointment of counsel in a civil action is not a constitutional right and is justified only in exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir.1993). As the facts establish that Raines's allegations did not establish a constitutional violation, the district court did not err in dismissing Raines's request for counsel.

Raines states that the district court erred by not allowing him to "reamend" his complaint. Raines filed an amended complaint with the district court on July 4, 2001. The amendment was merely a supplement to the original complaint. The "reamended" complaint was simply the original complaint and the first amendment combined. As the district court considered the first two documents, there was no reason for it to also consider the "reamended" complaint. The argument is meritless.

Raines asserts that the district court erred by blocking his ability to engage in discovery. The district court's discovery ruling is reviewed for an abuse of discretion. *Id.* at 604. The district court denied the requests in question as the information sought by Raines was immaterial to the case. As the requested information was immaterial, the district court's decision was not an abuse of discretion. *Id.*

Raines contends that the district court did not cite a federal statute in issuing its dismissal order. However, the district court clearly states on pages five through seven of its opinion that the case was considered under the appropriate Supreme Court decisions and Fed.R.Civ.P. 56(c). After examining the facts and applicable law, the district court concluded that the defendants were entitled to summary judgment as a matter of law. Therefore, the district court did cite authority for its dismissal decision.

Raines states that the district court permitted the defendants to file false affidavits and to manufacture evidence. The admission or exclusion of evidence is reviewed for an abuse of discretion. *See Argentine v. United Steelworkers of Am., AFL–CIO,* 287 F.3d 476, 486 (6th Cir. 2002). Although Raines contends that the evidence is false, he provides no evidence to support his allegations. The argument is meritless.

Raines argues that the district court erred by not providing him injunctive relief. Raines sought injunctive relief in order to protect himself from other inmates at the Orient Correctional Institution. The district court denied the request as moot as Raines had been transferred from the institution on October 11, 2001. As Raines was transferred from the facility, he did not face a future threat of injury in the facility. Thus, Raines's request for injunctive relief was rendered moot upon his transfer. *See Wilson v. Yaklich,* 148 F.3d 596, 601 (6th Cir.1998).

As for Raines's claims that the defendants "took no measures to ward off the possibility of racial violence brewing" in a dormitory at the prison, the allegation fails to provide a basis for monetary relief. Raines submitted no evidence that he was harmed by any alleged racial tension in the facility. Further, failure to prevent expo-

sure to the risk of harm cannot provide monetary relief. *Id.*

Finally, Raines asserts that the living conditions at the prison constituted cruel and unusual punishment. Despite Raines's allegation as to the living conditions of his cell, weekly inspection records of the prison, submitted to the district court, establish that the conditions alleged by Raines did not exist. As Raines provided no evidence to support his allegations, summary judgment was appropriately granted to the defendants.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.